UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-40014-GAO

JAMES HARDCASTLE, KEDRICK F. O'MEARA, JOSEPH SANTULLI, MERVIN
WATAHOMIGIE, DAVID EARL WATTLETON, and THO TRAN,
Plaintiffs,

v.

KATHLEEN SEBELIUS, Secretary, Health and Human Services, U.S. DEPARTMENT OF
PROBATION, and FEDERAL BUREAU OF PRISONS,
Defendants.

OPINION AND ORDER
June 25, 2010

O'TOOLE, D.J.

The plaintiffs, James Hardcastle, Joseph Santulli, David Earl Wattleton, and Tho Tran,[1] are civil committees confined at the Federal Medical Center Devens ("FMC Devens") pursuant to 18 U.S.C. §§ 4243 and 4246.

On January 15, 2009, the plaintiffs filed a complaint alleging that they are eligible for conditional release but remain confined because no existing community-based program satisfies their proposed conditions of release. The defendants moved to dismiss, or in the alternative for summary judgment, on all claims on December 18, 2009. By an Order dated January 27, 2010, this Court denied the defendants' motion without prejudice and ordered the plaintiffs to file an amended complaint clarifying the statutory and/or constitutional bases for their claims. Hardcastle v. Sebelius, No. 09-40014 (D. Mass. Jan. 27, 2010) (dkt. no. 34) (Order). The

---

[1] Mervin Watahomigie was terminated as a plaintiff on July 9, 2009. Hardcastle v. Sebelius, No. 09-40014 (D. Mass. July 9, 2009) (dkt. no. 9) (Order). Kedrick O'Meara voluntarily withdrew his claims on February 12, 2010. Hardcastle v. Sebelius, No. 09-40014 (D. Mass. Feb. 12, 2010) (dkt. no. 39) (Letter).

amended complaint was filed on February 11, 2010. Before the Court is the defendants' renewed motion to dismiss all claims.

The plaintiffs have not opposed the renewed motion to dismiss, but rather have filed a motion under Federal Rule of Civil Procedure 56(f) seeking to conduct discovery. That motion (dkt. no. 44) is DENIED. A Rule 56(f) motion is not a proper response to the pending motion to dismiss. Discovery about the plaintiffs' eligibility for community-based programs and recent assaults at FMC Devens, moreover, would not forestall dismissal of the complaint for the reasons discussed below. See Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007) (noting that a Rule 56(f) motion should be granted only where the facts, if collected, would defeat the pending motion).

Turning to the substance of the amended complaint, Count I alleges that the defendants have refused to conditionally release the plaintiffs to community-based programs in violation of several federal statutes. The gist of this claim seems to be that the defendants have failed to ensure the availability of community-based programs that are capable of accommodating the plaintiffs' proposed conditions of release.

Because the committing court "craft[s] the details of the conditional release plan," Ecker v. United States, 575 F.3d 70, 80 (1st Cir. 2009), and has exclusive jurisdiction to release a civil committee, 18 U.S.C. § 4247(h), only that court can evaluate whether sufficient community-based programs exist. Because this Court did not issue the plaintiffs' commitment orders, it lacks jurisdiction to set conditions of release or to entertain their present claim. Moreover, as the defendants point out, the plaintiffs assume that because an official in the Bureau of Prisons ("BOP") recommends conditional release, the committing court will necessarily accept the

recommendation. Hardcastle's own case shows why this assumption is wrong; the committing court has at least twice rejected the BOP's recommendation.

Count I(a) alleges that the U.S. Department of Probation's policy prohibiting a violent felon from transferring his probation to another State violates the Interstate Compact for the Supervision of Adult Offenders (the "Compact").[2] Whether Count I(a) challenges the policy as applied to Hardcastle's request to transfer his probation to Florida, as the defendants suggest, or raises a facial challenge to the policy, as the amended complaint suggests, this claim must be dismissed. The Compact does not create a private right of action. Orville Lines v. Wargo, 271 F. Supp. 2d 649, 657 (W.D. Pa. 2003); see Interstate Comm'n for Adult Offender Supervision, ICAOS Rules, Rule 6.104, available at http://www.interstatecompact.org (last visited June 25, 2010) (granting the Interstate Commission authority to bring enforcement actions).

Count I(b) alleges that the Secretary of Health and Human Services (the "Secretary") failed to perform her statutory duties under 42 U.S.C. § 15043(a)(1), a provision of the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"). The defendants argue that this claim must be dismissed because the DD Act did not create a private right of action against federal officials. It is questionable whether this argument is correct.

In Pennhurst State School and Hospital v. Halderman, 451 U.S. 1 (1981), the Supreme Court held that the DD Act conferred no substantive rights on disabled persons, id. at 23, but left open the question of whether disabled persons could bring suit for noncompliance against state and federal actors, see id. at 6 n.1. The question left open by Pennhurst has subsequently been answered in the affirmative by several courts. In Garrity v. Gallen, 522 F. Supp. 171, 201 (D.N.H. 1981), for example, the court found that disabled persons have a limited private right of

---

[2] The plaintiffs refer to the Interstate Compact Act. The Court interprets that to be a reference to the Interstate Compact for the Supervision of Adult Offenders, which regulates the transfer of adult parole and probation supervision among the States.

action against the Secretary to compel performance of her statutory duties. See also Gieseking v. Schafer, 672 F. Supp. 1249, 1262 (W.D. Mo. 1987) (same). However, this Court need not dwell on the question left open by Pennhurst. To the extent a private right of action does exist against the Secretary, Count I(b) must nonetheless be dismissed because the plaintiffs fail to allege any statutory duty that the Secretary failed to perform. The provision cited by the plaintiffs, § 15043(a)(1), does not impose any duty on the Secretary but merely requires a State to have a "system to protect and advocate the rights of individuals with developmental disabilities."

Count II alleges that the BOP has failed to provide the plaintiffs with safe housing in violation of the Americans with Disabilities Act ("ADA"). Because the ADA does not apply to the federal government, Feliciano-Hill v. Principi, 439 F.3d 18, 22 n.1 (1st Cir. 2006), this claim must be dismissed.

For the foregoing reasons, the defendants' Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (dkt. no. 42) is GRANTED. The amended complaint is dismissed with prejudice, having given the plaintiffs a prior opportunity to clarify their complaint. The Motion for a Preliminary Injunction (dkt. no. 45) is MOOT.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge